UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMEL TORRES,

                    Petitioner,             **OPINION & ORDER**
                                                      **CV-06-0785**

-against-

HAROLD J. GRAHAM, WARDEN

                    Respondent.
---------------------------------------------------------- X
FEUERSTEIN, J.

        On November 20, 2002, a judgment of conviction was entered against petitioner Jamel Torres (petitioner) in the County Court of the State of New York, Nassau County (Boklan, J.), upon a jury verdict finding him guilty of murder in the first degree, two counts of murder in the second degree, two counts of robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and imposition of sentence. On February 17, 2006, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner now seeks a stay of his petition pending exhaustion of his claims in state court. For the reasons set forth herein, petitioner's application is granted.

I.      BACKGROUND

        On November 20, 2002, a judgment of conviction was entered against petitioner in the County Court, Nassau County (Boklan, J.), upon a jury verdict finding petitioner guilty of murder in the first degree, two counts of murder in the second degree, two counts of robbery in the first

1

degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and imposition of sentence.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department on the grounds, *inter alia*,: (1) that the statements he made to law enforcement officials should have been suppressed; (2) that his trial counsel was ineffective for failing to timely move for a competency hearing pursuant to N.Y. C.P.L. § 730.30; (3) that the trial court's ruling pursuant to People v. Sandoval, 34 N.Y.2d 371, 378, 357 N.Y.S.2d 849, 314 N.E.2d 413, allowing the prosecutor to question him on cross-examination regarding his prior rape conviction, deprived him of a fair trial; (4) that the trial court erred in denying petitioner's motion for a "sequential double-blind" lineup; (5) that the evidence was legally insufficient and the verdict was against the weight of the evidence; and (6) that the trial court's denial of petitioner's counsel's request for an extension of time for voir dire denied him the selection of an impartial jury. On November 15, 2004, the Appellate Division, Second Department affirmed the judgment of conviction, finding, *inter alia*, that petitioner's statements were voluntary; that the trial court providently exercised its discretion in denying petitioner's motion for a "sequential double-blind" lineup; that petitioner's challenge to the legal sufficiency of the evidence was unpreserved and, in any event, was without merit; that the verdict was not against the weight of the evidence; that petitioner failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior rape conviction so outweighed the probative worth of that evidence so as to warrant its exclusion; that petitioner received meaningful representation at trial; and that petitioner's remaining contentions were either unpreserved, without merit, or involved matters dehor the record. People v. Torres, 12

A.D.3d 539, 786 N.Y.S.2d 61 (N.Y. App.Div. 2004). On January 14, 2005, the Court of Appeals denied leave to appeal the order of the Appellate Division. People v. Torres, 4 N.Y.3d 768, 792 N.Y.S.2d 12, 825 N.E.2d 144 (2005). Thus, petitioner's judgment of conviction became final on April 14, 2005, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court. See Rule 13(1) of the Rules of the Supreme Court of the United States; 28 U.S.C. § 2101(d).

On or about February 17, 2006, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging (1) that his trial counsel was ineffective for failing to timely move for a competency hearing pursuant to N.Y. C.P.L. § 730.30; (2) that the trial court's Sandoval ruling deprived him of a fair trial; (3) that the prosecution failed to prove his guilt beyond a reasonable doubt and the verdict was against the weight of the evidence; and (4) that the trial court's denial of his trial counsel's motion for an extension of time for voir dire denied him selection of an impartial jury. Respondent filed his return on May 25, 2006.

On April 4, 2006, petitioner moved in the County Court, Nassau County pursuant to N.Y. C.P.L. §§ 440.10 and 440.30 to vacate his conviction on the ground that his psychiatric condition prevented him from participating in his defense (the 440.10 motion). By order dated June 28, 2006, the County Court (Carter, J.) summarily denied petitioner's motion finding, *inter alia*, that petitioner's claim was without merit.

Petitioner now moves for an order staying this proceeding and holding it in abeyance pending his exhaustion of the issue of whether his trial counsel was ineffective for failing to timely investigate, obtain and use his psychiatric records and to secure a competency hearing pursuant to N.Y. C.P.L. § 730.30. Petitioner contends that he has "no knowledge of the law,"

3

that the law clerk in the facility in which he is incarcerated who was assisting him with this habeas proceeding has left the facility and that he is attempting to find another law clerk to assist him.

II. DISCUSSION

A. Leave to Amend

Since petitioner seeks a stay in order to exhaust a claim not raised in his original habeas petitioner, I must first determine whether he may amend his petition to include the new claim of ineffective assistance of trial counsel for, *inter alia*, failure to investigate.

The standard for determining a motion to amend a habeas corpus petition that has not yet been decided on the merits is governed by Rule 15(a) of the Federal Rules of Civil Procedure. See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001); see also 28 U.S.C. § 2242 (providing that a petition for a writ of habeas corpus "may be amended * * * as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2254 Cases in the United States District Courts (Habeas Corpus Rules), Rule 11 (permitting application of the Federal Rules of Civil Procedure in habeas cases to the extent they are not inconsistent with any statutory provisions or the Habeas Corpus Rules); Fed. R. Civ. P. 81(a)(2) (stating that the civil rules are applicable to habeas corpus proceedings). Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Since respondent filed his response to the

petition on May 25, 2006, and has not filed written consent to amend, I construe petitioner's application for a stay as also seeking leave to amend the petition.

Notwithstanding the liberal amendment requirement of Rule 15(a), leave may be denied "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," Littlejohn, 271 F.3d at 363; see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), or where the proposed amendment would be futile. See Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999). An amendment would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). See Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).

1. Futility of Proposed Claim

   a. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction became final on April 14, 2005 and he had one year from that date, or until April 14, 2006, within which to file a petition for a writ of habeas corpus. However, that limitations period was tolled during the pendency of petitioner's 440.10 motion in the County Court. Although it appears that petitioner may have filed a request for leave to appeal the order denying his 440.10 motion in the Appellate Division, Second Department, by letter dated January 11, 2007, the Appellate Division informed petitioner that further documentation, including a formal motion, was required in order for it to rule on such an application. Thus, there was no "properly filed application" pending that would subsequently toll the limitations period at any time following the denial of his 440.10 motion on June 28, 2006 until the expiration of the AEDPA period. As there were only eleven (11) days left in the AEDPA limitations period at the time that petitioner filed the 440.10 motion, the AEDPA limitations period expired on July 9, 2006. Since petitioner filed his original habeas petition on February 17, 2006, the petition is timely.

However, petitioner now seeks to raise a claim that his trial counsel was ineffective for, *inter alia*, failing to investigate his psychiatric history after the one-year statute of limitations has expired. Pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure, "[a]n amendment of a pleading relates back to the date of the original pleading when * * * the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." As petitioner's original pleading challenges his trial counsel's failure to timely move for a competency hearing pursuant to N.Y. C.P.L.

6

730.30, I find that petitioner's proposed claim relates back to the original petition since the underlying facts are essentially the same as those outlined in the original petition and the proposed claim merely expands upon a previously-asserted claim. Cf. Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) (holding that an amended claim does not relate back to the original petition when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth).

b.  Exhaustion

The AEDPA requires that prior to bringing a petition for habeas corpus relief in federal court, a petitioner "exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Correctional Services, 235 F.3d 804, 808 (2d Cir.2000)(citation omitted, insertion in original). The exhaustion requirement mandates that the petitioner "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed. 2d 64 (2004); see also Jones v. Keane, 329 F.3d 290, 294-295 (2d Cir. 2003).

Although all of the claims petitioner raises in his original habeas petition have been exhausted, petitioner's proposed claim has not yet been fairly presented to the Appellate Division and, thus, is not exhausted.[1] However, the mere fact that a claim is unexhausted does not

---

[1] It should be noted that it appears that petitioner's time within which to seek leave to appeal the denial of his 440.10 motion has not yet expired and, thus, there is no apparent procedural bar to this claim.

7

necessarily render it futile. See Ramdeo v. Phillips, No. 04-CV-1157, 2006 WL 297462, at * 4 (E.D.N.Y. Feb. 8, 2006) (holding that the mere fact that claims are unexhausted does not make them futile, so long as a petitioner can obtain a stay of the habeas proceedings while he exhausts those claims). Thus, it cannot be said that petitioner's proposed claim would be futile.

2. Delay and Prejudice

Furthermore, petitioner has not unduly delayed the assertion of his new claim, having promptly filed the instant application once the Appellate Division informed him that it required further documentation to rule on his application for leave to appeal the denial of his 440.10 motion. Moreover, it cannot be said that allowing an amendment to assert the proposed claim would unfairly prejudice the respondent or be abusive. Accordingly, petitioner is granted leave to amend his petition to assert a claim of ineffective assistance of trial counsel for failing "to investigate, obtain, and use [petitioner's] psychiatric records * * * to secure a 730.30. [sic] examination." (Petitioner's Application dated February 22, 2007). Petitioner must serve and file the amended petition **within thirty (30) days from the date of this order.**

B. Stay and Abeyance

In Rhines v. Weber, 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that the "stay and abeyance" option should be available only in limited circumstances, i.e. "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277, 125 S.Ct. 1528. Even when the petitioner has demonstrated good cause for his or her failure to exhaust, the district court

should not grant a stay when the unexhausted claims are plainly meritless. Id.

Neither the Supreme Court nor any circuit court has defined what constitutes "good cause" for a failure to exhaust. The Supreme Court has addressed the issue only once, in Pace v. DiGuglielmo, holding that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 544 U.S. 408, 416-417, 125 S.Ct. 1807, 1813-1814, 161 L.Ed.2d 669 (2005).

The majority of those lower courts which have considered the meaning of "good cause" have analogized it to "the requirement that a habeas petitioner demonstrate 'cause' to excuse other types of procedural defaults." Ramdeo, 2006 WL 297462, at * 5 (citing cases). Under this reasoning, "good cause" only arises "from an objective factor external to the petitioner which cannot fairly be attributed to him or her." Id. (internal quotations and citations omitted); see also Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999) (holding that in order to establish "cause" for a procedural default, the petitioner must show that some objective external factor impeded his ability to comply with the state's procedural rule). Even those courts which have rejected, either expressly or implicitly, the analogy between "good cause" for a failure to exhaust and "cause" for other types of procedural default, have found "good cause" only arising from external factors, not from conduct fairly attributable to the petitioner or from a petitioner's own tactical decisions. Ramdeo, 2006 WL 297462, at * 5-6 (citing cases).

Petitioner contends that he was impeded from timely exhausting the proposed claim because he is ignorant of the law, the law clerk who had previously helped him moved to another facility, and he has not yet obtained the assistance of another law clerk. Were this all, I would be disinclined to granted petitioner's application for a stay and abeyance. See, e.g. Knight v.

Phillips, Nos. 05-CV-2749 and 05-CV-2758, slip op. at 2-3 (E.D.N.Y. Jan. 18, 2006) (finding that even though the petitioner's delay in filing his State post-conviction motion was the result of a prison law clerk's promise to assist him and, thus, was beyond his control, the petitioner's tactical decision to wait for legal assistance did not constitute "good cause").

However, liberally construing petitioner's submissions as is required, see Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983), it appears that petitioner attempted to file an application for leave to appeal the denial of his 440.10 motion, but that the Appellate Division informed him in January 2007 that it required further documentation from petitioner in order to address his application. As petitioner filed this application for a stay and abeyance soon after the Appellate Division's letter, and he was prompt in filing his original habeas petition, it does not appear that petitioner is engaging in abusive litigation tactics or intentional delay. Accordingly, under the circumstances of this case, petitioner has demonstrated good cause for his failure to timely exhaust his proposed claim in state court.

Moreover, I cannot ascertain at his juncture whether petitioner's proposed claim is plainly meritless. Accordingly, petitioner's application for a stay is granted.

III.    CONCLUSION

Petitioner is granted leave to file an amended petition in order to assert a claim of ineffective assistance of trial counsel for failing to investigate, obtain and use his psychiatric records to secure a competency hearing, provided that he files the amended petition within thirty (30) days of the date of this order. Petitioner's application for a stay of his habeas petition is granted and the petition is stayed to allow petitioner to exhaust his proposed claim. Petitioner

must return to this Court within thirty (30) days after the Appellate Division has issued a decision on his application for leave to appeal the denial of his 440.10 motion. If petitioner fails to comply with this order, the Court will vacate the stay *nunc pro tunc*. See Zarvela v. Artuz, 254 F.3d 374, 381-382 (2d Cir. 2001).

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 20, 2007
Central Islip, New York

Copies to:

Jamel Torres, *pro se*
02A6511
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

Nassau County District Attorney's Office
262 Old Country Road
Mineola, New York 11501
Attn: Douglas R. Noll
Assistant District Attorney